UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY, a New Jersey Corporation, | 1:99-CV-5461-SMS |
| Plaintiff, | ORDER DIRECTING THE PARTIES TO MEET AND CONFER REGARDING THE FORM AND CONTENT OF THE DECLARATION OF RIGHTS AND |
| v. | JUDGMENT, AND TO PARTICIPATE IN AN INFORMAL TELEPHONIC STATUS |
| INSURANCE COMPANY OF THE WEST, a Texas Corporation, et al., | CONFERENCE |
| | ORDER SETTING TELEPHONIC STATUS CONFERENCE |
| Defendants. | **Date: July 25, 2006** |
| | **Time: 10:00 a.m.** |
| INSURANCE COMPANY OF THE WEST, | ORDER DIRECTING PLAINTIFF'S COUNSEL TO ARRANGE CONFERENCE |
| Counter-Claimant, | CALL |
| v. | INFORMATIONAL ORDER |
| CLARENDON NATIONAL INSURANCE COMPANY, | |
| Counter-Defendant. | |

By separate order, the Court has issued a memorandum of decision, findings of fact, and conclusions of law following the trial of the limited issues in this case that remained following Judge Coyle's grant of summary judgment for Plaintiff and his subsequent order granting a motion for a new trial and vacating the judgment. The Court has determined that ICW did not meet its

1

1  burden of establishing a defense of fraudulent misrepresentation

2  or concealment. Thus, the remainder of Judge Coyle's order of

3  June 30, 2000, granting summary judgment in favor of Plaintiff,

4  appears to remain in effect pursuant to the parties' stipulation

5  that all legal issues resolved by that order are deemed to be law

6  of the case. (Jt. Pretrial Stmt. and Order filed May 14, 2004 at

7  28.)

8      Judge Coyle granted summary judgment in favor of Plaintiff

9  and declared the rights of the parties in very general terms,

10 stating in the order of June 30, 2000, that "Clarendon is

11 entitled to reimbursement of the legal fees incurred in defending

12 H&G." His order also referred to "defense fees." Clarendon later

13 moved to amend the judgment to reflect that ICW was obligated to

14 reimburse $540,000 that Clarendon paid to settle the Moore action

15 and $41,970.08 in attorney's fees and legal costs incurred in

16 defense of H&G in the Moore action (Mot. p. 13.); ICW opposed the

17 motion. In his order of January 16, 2001, Judge Coyle determined

18 that because there was going to be a new trial, the motion to

19 alter or amend judgment was denied as moot.

20     Declaring the rights and obligations of the parties and

21 entering judgment remain to be accomplished. Although the limited

22 issues before the Magistrate Judge have now been decided, it

23 appears that the parties have not agreed on the form and

24 substance of the declaration of rights or judgment to be entered

25 in this case.

26     I. Requirement of Meeting and Conferring

27     The Court desires to conserve the resources of the Court and

28 the parties. The parties have reserved the right to stipulate to

the amounts expended by the parties in defending the underlying

legal actions filed as a result of the accident. In the exercise

of the Court's inherent power to control its docket for the

convenience and economy of the Court and the parties, the parties

ARE DIRECTED to 1) meet and confer regarding the form and content

of the declaration of rights and judgment to issue; 2) to

ascertain what matters are subject to agreement or stipulation,

and to draft a stipulated declaration of rights and judgment to

the extent possible; and 3) to ascertain what matters, if any,

remain in dispute; and 4) to develop a position or positions on

what, if any, procedures or process, including briefing, are

believed to be necessary or helpful in order to resolve any

disputed matters that remain.

   II. <u>Direction to Particpate in and Arrange an Informal
      Telphonic Status Conference</u>

  In order to inform the Court of the status of the case after

the parties have met and conferred, counsel for the parties ARE

ORDERED to participate in a telephonic status conference, which

IS SET for Tuesday, July 25, 2006, at 10:00 a.m. Further, counsel

for Plaintiff IS DIRECTED to arrange the conference call for the

conference and to direct that call to Frances Robles at (559)

499-5690 at the appointed time.

  III. <u>Informational Order</u>

  In connection with the parties' meeting and conferring and

thereafter reporting to the Court, the Court seeks to inform the

parties and counsel of its concerns.

  With respect to the scope of the relief requested, the Court

notes that in the pretrial statement of May 14, 2004, which was

1  ultimately adopted as the pretrial order, Plaintiff sought

2  reimbursement for all settlements paid and fees and costs

3  incurred in the <u>Moore</u> action, plus all taxable costs of this

4  action, together with interest, "up to the remaining limits of

5  ICW's Policy." (Statement at p. 15.)[1] Plaintiff also expressly

6  conceded that only $210,972.50 remained for reimbursement out of

7  the $750,000 policy amount. Because reimbursement is sought only

8  to the extent of the sum remaining under the policy limit, the

9  Court does not intend to address the parties' contentions and

10  authorities concerning a right on the part of Plaintiff to sums

11  beyond the policy limit of the ICW policy.

12      Further, should Clarendon's payment of $540,000 in settling

13  the <u>Moore</u> action be an item for which Clarendon is entitled to

14  reimbursement, then the Court questions the necessity of

15  considering the reasonableness of fees or costs incurred in

16  defending H&G in the <u>Moore</u> action, and would appreciate the

17  parties' including this question in their process of conferring.

18      Although it appears to the Court that Judge Coyle decided

19  that Clarendon was not a volunteer in participating in the

20  defense and settlement of the <u>Moore</u> action, the Court expressly

21

22  [1] This is consistent with the history of the case before it the parties consented to the Magistrate Judge. The
underlying motion for summary judgment filed by Plaintiff Clarendon (Docs. 63, 64) shows that Plaintiff Clarendon

23  sought not only a declaration that Plaintiff had no obligation to defend or indemnify Inderjit, G&P, or H&G under
the Clarendon policy for claims arising out of the accident in Oklahoma, and that ICW did have such an obligation to

24  provide coverage and a defense to such entities under the ICW policy (determined in its favor by the REC order), but
also that "ICW is obligated to reimburse Clarendon for all defense costs and payments made in connection with the

25  Oklahoma actions... and that H&G, G&P, and Inderjit Singh are obligated to reimburse Clarendon for all defense
costs and payments made in connection with the Oklahoma Actions." (Notice of cross-motion for summary judgment

26  or in the alternative summary adjudication, Doc. 63 at 1-2.)
    The subsequent motion to amend judgment filed by Plaintiff in July 2000 sought a judgment to the effect

27  that Plaintiff Clarendon was entitled to reimbursement from ICW for any costs, expenses, and legal fees in
connection with defending the lawsuits arising out of the accident. (Doc. 112 at 2.) Clarendon expressly conceded

28  that only $210,972.50 remained for reimbursement out of the $750,000 policy amount in its memorandum in reply to
ICW's opposition to Clarendon's motion to amend or alter the judgment. (Doc. 134, filed on August 23, 2000, at 2.)

1   reiterated this finding in its decision. Therefore, the Court

2   does not intend to entertain any argument concerning Clarendon's

3   not being entitled to reimbursement because it acted as a

4   volunteer.

5        With respect to the extent to which Judge Coyle previously

6   ruled on Clarendon's entitlement to reimbursement of various

7   expenditures made in connection with the <u>Moore</u> action, Judge

8   Coyle's initial order granting summary judgment referred only to

9   "defense fees" or "legal fees"; these terms are potentially

10  ambiguous. His denial of the motion to amend the judgment was

11  based only on mootness; thus, the issue of which particular

12  expenditures are subject to reimbursement appears otherwise to

13  have been properly before Judge Coyle.

14       The Court further notes that in his decision, Judge Coyle

15  clearly adopted the reasoning of <u>Canal Ins. Col. v. First General</u>

16  <u>Ins. Co.</u>, 889 F.2d 604, 611 (1989), in which the insurer of a

17  covered vehicle was ordered to reimburse the settlements paid by

18  Canal in related state court actions and the cost of the defense

19  in those actions, as well as court costs in the federal district

20  court; because the record was unclear as to the actual amounts,

21  the matter was remanded for calculation of the amounts. <u>Canal</u>,

22  889 F.2d at 612. At this point it appears reasonable to conclude

23  that Judge Coyle necessarily or by implication decided that ICW

24  was obligated to reimburse the amounts paid in settlement as part

25  and parcel of "defense fees." However, the extent of any

26  remaining dispute regarding this matter is unclear.

27       As to the identity of the parties from whom indemnification

28  is sought, in connection with this question, the Court would

appreciate, regardless of the ability of the parties to stipulate

to a judgment, a report on the identity of all the remaining

parties to this action and their status (default, etc.). The

Court notes that Judge Coyle stated the following in his order of

June 30, 2000:

> 3. Indemnification of Clarendon for Cost of
>
> Defending H&G Trucking
>
> Where an insurer's liability arises only from a
> governmentally required filing, the insurer is
> entitled to indemnity for defense fees from the
> insurer whose policy provides coverage. *See, Canal,*
> 889 F.2d at 611; *Carolina Casualty*, 569 F.2d at 313.
> In the instant action, there is nothing before the
> court to show that H&G's liability arises from
> anything other than the MCS-90. Accordingly,
> Clarendon is entitled to reimbursement of the legal
> fees incurred in defending H&G.

(Order of June 30, 2000 at 18.) It is appears from the words and

structure of this portion of the order that Judge Coyle concluded

that it was the insurer whose policy provided coverage, namely,

ICW, who had the burden of reimbursing Clarendon. Further, the

authorities cited by Judge Coyle involved determinations that the

insurer with coverage was bound to reimburse the other insurer.

Canal Insurance Co. v. First General Insurance Co., 889 F.2d 604,

611-12 (5th Cir. 1989), rested upon the principle, also expressly

adopted by Judge Coyle (Order at 14-18), that the MCS-90 did not

affect the obligations between insurers, and it expressly

concluded that the insurer whose policy provided coverage was

obligated to pay the amount of judgments and settlements paid in

the related state court actions, the cost of defending, and the

court costs in the district court. Canal, 889 F.2d at 604, 611-

12. Likewise, in Carolina Causalty, 569 F.2d 304, 313 (5th Cir.

1    1978), there was a dispute regarding whether an ICC endorsement

2    made an insurer primary as a matter of law as against another

3    insurer that had insured the specific risk in question. It was

4    held that the ICC endorsement did not make the insurer primary

5    because although it might have been determinative in matters

6    involving a third party member of the public or a shipper, it

7    could not be invoked by another insurance company which has

8    contracted to insure a specific risk and thus needed no

9    equivalent protection. Id.

10        It thus does not appear open to argument at this point that

11   ICW nevertheless had no duty of reimbursement. However, the Court

12   appreciates the parties' efforts to agree upon and draft the

13   precise terms of the declaration of the rights and obligations of

14   the parties that should accompany a judgment.

15   IT IS SO ORDERED.

16   **Dated:    July 6, 2006**                          **/s/ Sandra M. Snyder**
     icido3                                          UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28