(SPACE BELOW FOR FILING STAMP ONLY)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| CLARENDON NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE COMPANY OF THE WEST, H & G TRANSPORT, INC., GURDIAL SINGH GILL, PARAMPREET SINGH d/b/a G & P TRANSPORT and INDERJIT SINGH,<br><br>Defendants. | CASE NO. CIV F-99-5461 SMS<br><br>**FINAL ORDER AND JUDGMENT** |

The above matter having been tried by the Court on September 20, 2004 and September 21, 2004,

Upon consideration of the testimony, evidence, and arguments presented by Clarendon National Insurance Company ("Clarendon") and Insurance Company of the West ("ICW") at trial; and

Upon consideration of the parties' pre-trial submissions; and

Upon consideration of the parties post-trial submissions;

A decision has been reached by the Court as more fully set forth in the Court's Findings of Fact and Conclusions of Law [Docket Entry 273].

IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of plaintiff Clarendon declaring as follows:

1.  ICW was at all times obligated to indemnify defendants G&P Transport, H&G Transport and Inderjit Singh for any liability that they may have with respect to the accident that is the subject matter of this action, up to the limits of the ICW Policy;

2. ICW was at all times obligated to provide defendants G&P Transport, H&G Transport and Inderjit Singh with a defense in any action or proceeding seeking to recover damages for bodily injury or property damages as a result of the accident that is the subject matter of this action;

3. Clarendon was not obligated under its policy or the attached MCS-90 Endorsement to provide a defense for either G&P Transport, H&G Transport or Inderjit Singh in any action or proceeding seeking to recover damages for bodily injury or property damages as a result of the accident that is the subject matter of this action;

4. Clarendon was not obligated under its policy or the attached MCS-90 to indemnify defendants G&P Transport, H&G Transport and Inderjit Singh for any liability that they may have with respect to the accident that is the subject matter of this action;

5. ICW is obligated to reimburse Clarendon the sum of $69,502.45, representing the legal fees, costs and expenses incurred by Clarendon in defending H&G Transport in the Oklahoma Action (i.e. $41,970.08), together with interest at a rate of 10% per annum accruing on the date of settlement of the Oklahoma Action to the date of this order; and

6. ICW is obligated to reimburse Clarendon for Clarendon's contribution toward the settlement of the Oklahoma action in the amount of $349,370.46, representing the remaining policy limits of ICW's policy (i.e. $210,972.50), together with interest at a rate of 10% per annum accruing on the date of settlement of the Oklahoma Action to the date of this order.

IT IS SO ORDERED.

**Dated:   September 21, 2006**            **/s/ Sandra M. Snyder**
icido3                                                       UNITED STATES MAGISTRATE JUDGE

WILKINS,
DROLSHAGEN &
CZESHINSKI LLP
7740 N. Fresno Street,
Suite 104
Fresno, CA 93720

Final Order and Judgment                    -2-